IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KRISTIE METCALFE**                                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.** 3:25-cv-324-DPJ-ASH

**MISSISSIPPI STATE SENATE**                                                        **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for race discrimination. The following facts support this action:

1.

Plaintiff KRISTIE METCALFE is a black adult resident of 1034 Windrose Dr, Brandon, Mississippi 39047.

2.

Defendant MISSISSIPPI STATE SENATE is a legislative arm of the State of Mississippi. Defendant may be served with process upon the Attorney General of the State of Mississippi, Lynn Fitch, 550 High Street, Jackson, Mississippi 39201.

3.

The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). Venue is proper because the complaint arose in the Southern District of Mississippi, Jackson Division.

4.

In December 2011, the Mississippi legislature's Director of Legislative Services, Bob Davidson, acting on behalf of the Mississippi State Senate, hired Plaintiff as a full-time staff attorney.

Plaintiff was hired on a non-partisan basis, and did not perform any services relating to governmental policy, nor was she hired to provide services to any particular member of the Mississippi State Senate. Plaintiff was hired to perform drafting and legal services, on a non-partisan, non-policy making basis. Plaintiff's salary was set by the Senate Rules Committee, which was chaired by Senator Terry Burton, and by the Legislative Services Office, which was then headed by Bob Davidson. Plaintiff was not assigned to the personal staff of any elected official, nor was she assigned to any public official, but only to various committees of the Mississippi Senate.

5.

At the time of Plaintiff's hiring in 2011, Plaintiff was the only black attorney serving in the Legislative Services Office.  During Plaintiff's entire career with the legislative services all of the other attorneys were white.

6.

Through the likely decision of Senator Terry Burton, Rules Committee Chairman, and possibly with the input of other members of the Senate Rules Committee, Plaintiff's salary was set at $55,000, substantially less than what was paid to all the white attorneys.  Possibly, the Director of Legislative Services may have had input into Plaintiff's salary.

7.

Comparative salaries of Plaintiff's fellow staff attorneys at the time were as follows:

    A.    Jeff Rosamond, white, salary $95,550;

    B.    Larry Richardson, white, salary $113,322;

    C.    Bubba Neely, white, salary $114,768; and

    D.    Bob Davidson, white, salary $ 121,800.

Plaintiff's work was identical to the work done by the white attorneys. Plaintiff performed at a high level of competence and her work performance was never questioned during the entire time of Plaintiff's employment.

8.

In January 2012, approximately one month after Plaintiff was hired, the Defendant gave the white attorneys large pay raises. Plaintiff, however, received no pay raise in January 2012.

9.

Following raises for the white attorneys, Plaintiff's salary of $55,000 was less than half of what Defendant was paying the white attorneys.

10.

For the entire eight (8) year period in which Plaintiff was employed, the Defendant consistently paid Plaintiff approximately $40,000 to $60,000 less than the lowest salaried white attorney. This discrimination was intentional and was based on race.

11.

In December 2018, the Defendant hired a new white attorney, Ian Jones, as a full-time staff attorney, the same position which Plaintiff held. Jones was paid a starting salary of $101,500.

12.

Jones salary was set at $24,335 higher than Plaintiff's salary despite Plaintiff's seven (7) year tenure with Defendant.

13.

At the time of Jones' hiring, both Jones and Plaintiff had approximately eight (8) years of legal experience, with Jones having no legal experience in legislative work, which was the area in which both Plaintiff and Jones worked.

14.

Jones and the other white attorneys performed the same type of work and had the same responsibilities as Plaintiff.

15.

When Jones was hired, another full-time attorney stayed on part-time in order to assist Jones with his work.

16.

In December 2018, following Jones' hiring, Plaintiff met with the Rules Committee Chairman, Senator Terry Burton, and others, and asked to be paid on a non-discriminatory basis. Burton denied Plaintiff's request claiming that it was "not in the budget" to raise Plaintiff's pay. He also stated that no laws governed the Mississippi Senate, and that the Mississippi Senate could pay whatever salaries it wished to pay. Burton believed that he and the entire Mississippi Senate were above the law.

17.

Plaintiff resigned from her employment effective November 15, 2019, at a time when she was still being paid less than the white attorneys.

18.

Defendant has engaged in unlawful pay discrimination in violation of Title VII, 42 U.S.C. § 2000e (et. seq.), by paying Plaintiff, a black attorney, a lower salary than white attorneys, because of Plaintiff's race.

19.

In addition to lost wages, Plaintiff has suffered emotional pain, anxiety, and loss of enjoyment of life, all because of the racism of members of the Rules Committee of the Mississippi Senate.

20.

Plaintiff filed an EEOC charge on May 31, 2019, alleging that Defendant discriminated against her and her employment based on her race (black). Pursuant to 42 U.S.C. § 2000e-5, the EEOC investigated the charge and found reasonable cause to believe Defendant discriminated against Plaintiff based on her race and eventually sent the charge to the Department of Justice. The Department of Justice filed suit on the charge on behalf of Plaintiff during the latter portion of the Biden administration. Without seeking input from Plaintiff, the Trump administration dismissed the case. The Department of Justice did, however, issue a Right to Sue Letter, as required by statute. *See* Exhibit "A."

**REQUEST FOR RELIEF**

Plaintiff, therefore, prays that she be paid damages in the form of wages and benefits she would have received had she been a white person, that she be paid pre-judgment interest, that she be paid damages for her emotional distress and anxiety, that she be paid reasonable attorneys' fees and expenses, and all damages allowed by 42 U.S.C. § 1981a. Plaintiff requests trial by jury.

RESPECTFULLY SUBMITTED, this the 5th day of May, 2025.

**KRISTIE METCALFE**, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
Rachel Pierce Waide, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
Telephone:  (662) 842-7324
Facsimile:   (662) 842-8056
Email:  waide@waidelaw.com
            jdw@waidelaw.com
            rpierce@waidelaw.com
            yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTFF