IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KRISTIE METCALFE**                                                                              **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:25-CV-324-HTW-ASH**

**MISSISSIPPI STATE SENATE**                                        **DEFENDANT**

<u>**BRIEF IN SUPPORT OF MOTION TO STAY**</u>

The Mississippi State Senate asks the Court to stay all discovery and the parties' disclosure obligations in this case, pending a decision on the Senate's Motion to Dismiss. Doc. [9] & [10].

### I.  Introduction

On May 31, 2019, Kristie Metcalfe filed an EEOC Charge against the Senate. Over the next five plus years, the Senate expended significant time and resources arguing to the Equal Employment Opportunity Commission, the Department of Justice, and this Court that Metcalfe was exempt from Title VII because she, as a Senate attorney, was *an immediate adviser to elected officials on the constitutional and legal powers of their office*. *See* 42 U.S.C. § 2000e(f); *Rutland v. Moore,* 54 F.3d 226, 230 (5th Cir. 1995).

Despite that, the DOJ sued the Senate on Metcalfe's behalf in November 2024. *United States v. Miss. St. Senate,* No. 3:24-cv-712-HTW-ASH, Doc. 1. Recognizing the dispositive nature of the exemption issue, the Senate filed an unopposed motion to stay to allow the DOJ to review "whether the alleged discriminatee is exempt from Title VII of the Civil Rights Act of 1964." *Id.* at Doc. 21. This Court granted that motion staying the case. *Id*. at Doc. 22. The DOJ then voluntarily dismissed its case against the Senate. *Id.* at Doc. 23.

Metcalfe sued the Senate on May 5, 2025, alleging only a Title VII disparate pay claim. Doc. 1. Contemporaneous with this Motion's filing, the Senate moved to dismiss the case. Doc. [9] & [10].

24928894.1

**II.    Argument**

Rule 26(c) provides this Court with broad discretion to stay discovery upon a showing of good cause. "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09-cv-253-KS-MTP, 2010 WL 3893915, at *1 (citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D. N.Y. 2002)).

That broad discretion and inherent power to stay discovery may be exercised while preliminary questions that may dispose of the case are pending. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants."). Including when the defendant has filed a 12(b)(6) motion to dismiss. *Dowdy*, 2010 WL 3893915, at *1 (granting stay pending dispositive motion) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990)); *Douglas v. Onin Staffing, LLC*, No. 3:24-cv-00157-CWR-ASH (S.D. Miss. Aug. 30, 2024), Doc. 38 (order granting motion to stay) ("A stay is appropriate here until a determination of what, if any claims should proceed."); *Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FKB, 2017 WL 9360854, at *1–2 (S.D. Miss. Dec. 22, 2017) (granting stay of discovery pending ruling on 12(b)(6) motion to dismiss); *see also Shaver v. Barrett Daffin Frappier Truner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings.") (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).

The Senate **filed a dispositive motion** that "(1) [will be] decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) [] if granted, would

dispose of the case, thus avoiding the effort and expense of discovery." *Dowdy*, 2010 WL 3893915, at *1 (citing *Landry,* 901 F.2d at 435-36, *cert. denied,* 498 U.S. 895 (1990)).

In that motion, the Senate argues the Complaint fails to state a claim, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), because Metcalfe, who asserted only a Title VII claim, is exempt from Title VII because she is an "*an immediate adviser with respect to the exercise of the constitutional or legal powers of [an elected official's] office*," 42 U.S.C. § 2000e(f) (emphasis added); she cannot now pursue an independent action; she failed to exhaust administrative remedies; her claim is barred by laches; her claim is untimely; and the Senate invokes both its legislative and attorney client privilege to the fullest extent of the law. Doc. [9] & [10]. Just as this Court stayed *United States v. Miss. St. Senate,* No. 3:24-cv-712-HTW-ASH, Doc. 1, to allow the DOJ to evaluate this dispositive issue, which it arguably conceded disposed of this case when it voluntarily dismissed its case against the Senate, this Court should again stay this case to allow itself to determine this dispositive issue.

The purpose of the *Twombly* standard is "to avoid the expense of far-reaching discovery." *Dowdy,* 2010 WL 3893915, at *2; *see also Corwin v. Marney, Orton Investments,* 843 F.2d 194, 200 (5th Cir. 1988)) ("It would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial" based on a dispositive legal issue). Here, if granted, on any ground pled, the parties will avoid that expense, which is particularly important to the Senate because it has been forced to defend itself and expend significant resources on this matter for over six years.

The stay will be for a **short period of time** because "it will only be in effect until the Court rules on the pending motion to dismiss[, and o]nce the Court has ruled on the motion, the court will either lift the stay or dismiss the case." *Vanderlan,* 2017 WL 960854, at * 1; *see Sierra Club v. Entergy Future Holdings Corp.*, 2011 WL 13220652, *4 (E.D. Tex. 2011) (because plaintiff

3

delayed two years filing, a one-year stay was not unreasonable). A period fully under the Court's control.

And, the Plaintiff **will not be prejudiced**, especially considering her six-plus year delay in bringing this suit. *See Delta Electronics, Inc. v. Vicor Corp.,* 2024 WL 2838273, *3 (W.D. Tex. 2024) (Plaintiff waiting four years to file suit casts doubt on whether a stay is unduly prejudicial) (citing *Nobots*, 2024 WL 925553, at 3 (finding the plaintiff's arguments about prejudice were belied by its decision "to wait more than four years to file suit" (citation omitted)); *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*, No. 17-cv-1914, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2, 2019) (finding the plaintiff's decision to delay bringing suit against its direct competitor "renders its arguments of undue prejudice unpersuasive").

### III.    Conclusion

Good cause exists here, where the Senate has filed a dispositive motion that will dispose of the case without discovery; the stay is limited in time; and the Plaintiff will not be prejudiced. Thus, the Senate requests the Court stay all discovery and the parties' disclosure obligations in this case pending a ruling on the Senate's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted, this the 13th day of June, 2025.

MISSISSIPPI STATE SENATE

BY: *s/ Armin J. Moeller, Jr.*
Attorney for Mississippi State Senate

Armin J. Moeller, Jr. (MSB 3399)
Russell Dumas (MSB 105310)
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
rdumas@balch.com

24928894.1

Lindsay Thomas Dowdle (MSB 102873)
Will Ivison (MSB 104213)
Mississippi Attorney General's Office
550 High Street
Suite 1100
Jackson, MS 39205
Telephone: (601) 359-3020
Facsimile: (601) 359-2003
Lindsay.dowdle@ago.ms.gov
Will.ivison@ago.ms.gov

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically on this the 13th day of June, 2025:

             *s/ Armin J. Moeller, Jr.*
             Of Counsel

24928894.1