IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KRISTIE METCALFE**                                                                              **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 3:25-cv-324-HTW-ASH**

**MISSISSIPPI STATE SENATE**                                                                    **DEFENDANT**

---

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY**

---

Defendant Mississippi State Senate has moved for a stay of this action pending a ruling on Defendant's Motion to Dismiss. Plaintiff opposes any stay. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990), recognizes that the burden to show the necessity for a stay of discovery is on the party seeking the stay under Fed. R. Civ. P. 26(c).

Congress, in some instances, provides for an order of automatic stay by statute. *See* 15 U.S.C. §77z-1(b)(1)(providing an automatic stay of discovery pending ruling on a motion to dismiss for cases brought under the Private Securities Litigation Reform Act of 1995); 9 U.S.C. §3, (providing for a stay of a case when the case is referred for arbitration under the Federal Arbitration Act). No statute, federal rule, common law rule, or authority exists to stay an action simply because a motion to dismiss has been filed.

*Knoth v. Southwest Mississippi Reg'l Med. Ctr.*, No. 5:18-CV-49-DCB-MTP, 2019 WL 6110056 *1 (S.D. Miss. Aug. 9, 2019) observed:

> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P.12(b) would stay discovery, the Rules would contain a provision to that effect.

In the present case, Defendant argues for a stay because the case has been pending for six (6) years. Plaintiff, however, has done all she could to advance the case, since she timely filed an

EEOC charge six (6) years ago. The delay which occurred thereafter is a result of delay by the EEOC in investigating the matter and delay by the United States in filing suit. The United States finally filed suit in the case styled *United States of America v. Mississippi State Senate*, Civil Action 3:24-cv-712-HTW-ASH. The pleadings in this case demonstrate that the fault in moving the case forward belongs to the EEOC and the United States in the length of time they took to adjudicate the case. The case was not ever resolved by the United States, due to a change in administration. The United States finally dismissed the action, allowing Plaintiff to file this suit. *See,* Cause No. 3:24-cv-712-HTW-ASH, Dkts. 14-15, 23.

The lengthy delay in this case is not the fault of Plaintiff. Regardless of fault, however, the public interest and Plaintiff's interest are in moving the case forward.

In briefing the motion to dismiss, Defendant itself argues that the delay is inappropriate. In arguing it is entitled to dismissal because of laches, Defendant claims in its brief in support of its motion to dismiss that it has been prejudiced by the lengthy delay in the case. Defendant specifically cites the illness of Senator Terry Burton, whom it proclaims to be an important witness, and also claims prejudice from failing memories of other potential witnesses. *See,* Brief in Support of Motion to Dismiss, Dkt. 10, pp. 18-19. As Defendant recognizes in its own brief in support of its motion to dismiss, a delay in this case will increase the likelihood that additional witnesses will be unavailable.

Contrary to Defendant's argument, there is no assurance that any stay put into place now will not be lengthy. Briefing is not yet complete on Defendant's motion to dismiss.

Defendant argues multiple reasons for dismissal, and those multiple arguments are likely to delay the District Court in rendering an opinion. It is impossible to say that the District Court will take only a short time to pass upon the motion to dismiss.

The depositions of Senator Burton and the various other committee chairs who have knowledge of Plaintiff's job duties should taken as soon as possible to avoid the possibility of witnesses' becoming unavailable and to mitigate the losses of memory.

If the depositions can be taken in the near future, then the case can be ready for trial if the Court denies the motion to dismiss.

Defendant has shown no cause for a stay. Defendant's Motion to Stay should be denied.

Respectfully submitted on July 22, 2025.

        Kristie Metcalfe, Plaintiff

        By: */s/ Jim Waide*
        Jim Waide, MS Bar No. 6857
        Rachel Pierce Waide, MS Bar No. 100420
        Yance Falkner, MS Bar No. 106107
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS  38804-3955
        Post Office Box 1357
        Tupelo, MS  38802-1357
        Telephone:  (662) 842-7324
        Facsimile:   (662) 842-8056
        Email:  waide@waidelaw.com
                jdw@waidelaw.com
                rpierce@waidelaw.com
                yfalkner@waidelaw.com

        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to all counsel of record.

    DATED July 22, 2025.

                                                  */s/ Jim Waide*
                                                JIM WAIDE