UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTIE METCALFE                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:25-CV-324-HTW-ASH

MISSISSIPPI STATE SENATE                                                          DEFENDANT

ORDER

Defendant Mississippi State Senate asks the Court to stay all discovery in this employment-discrimination case pending a ruling on its motion to dismiss. Mot. [11]. As explained below, the Court grants the motion to stay.

I.      Facts and Procedural History

Plaintiff Kristie Metcalfe, a Black female, was hired by the Senate as a full-time staff attorney in 2011. On May 31, 2019, she filed a charge of discrimination with the EEOC alleging that the Senate discriminated against her by paying her less than similarly situated white attorneys. Metcalfe resigned from her employment with the Senate on November 15, 2019.

The EEOC investigated Metcalfe's charge. Sometime after July 29, 2019, Metcalfe requested that the EEOC issue her a notice of right to sue. EEOC File Excerpts [9-1] at 31.[1] The EEOC did not then issue a right-to-sue letter. Instead, nearly two years after Metcalfe filed her charge, on April 28, 2021, it notified Metcalfe and the Senate that its investigator "determined there is reasonable cause to believe Respondent paid Charging Party disparate wages because of her race, Black, in violation of Title VII." *Id.* at 15. The EEOC later "determined that efforts to

---

[1] The Senate's memorandum in support of its motion to dismiss indicates Metcalfe sent this letter on August 29, 2019, but it does not appear to be dated. Senate Mem. [10] at 5.

conciliate th[e] charge . . . have been unsuccessful," so it "forward[ed] the case to the Department of Justice for litigation review" on October 7, 2022. *Id.* at 16, 18.

The DOJ ultimately decided to bring suit on Metcalfe's behalf: the Government sued the Senate for discriminating against Metcalfe on November 8, 2024. *United States v. Miss. State Senate*, No. 3:24-CV-712-HTW-ASH. The Government voluntarily dismissed that lawsuit on April 15, 2025. That same day the DOJ sent Metcalfe a notice of her right to sue within 90 days. EEOC File Excerpts [9-1] at 19. Metcalfe filed this suit on May 5, 2025.

On June 13, 2025, the Senate moved to dismiss, raising a number of arguments for dismissal of Metcalfe's suit, including (1) that she is exempt from Title VII; (2) that she is barred from bringing an independent action because of the DOJ's earlier suit; and (3) that the Complaint is untimely or barred by laches. The Senate also moved to stay discovery. Metcalfe responded in opposition to the motion to stay, and the Senate timely replied.

II.     Analysis

The discretionary authority to stay discovery under these circumstances is well-established:

> Courts may stay discovery pending a ruling on a motion to dismiss where "(1) [the] motion[ to dismiss will be] decided on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery."

*Meng v. William Carey Univ.*, No. 2:24-CV-199-KS-MTP, 2025 WL 1370820, at *1 (S.D. Miss. May 12, 2025) (quoting *Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09-CV-253-KS-MTP, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010)). Even if both factors are present, "the issuance of [a] stay is by no means automatic." *Von Drake v. Nat'l Broadcasting Co.*, No. 3:04-CV-652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Whether to stay

discovery pending resolution of a motion to dismiss, like all discovery matters, "is committed to the sound discretion of the trial court." *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (quoting *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986)).

As the Senate argues, its motion to dismiss will be decided based solely on the contents of the Complaint and the EEOC File Excerpts the Senate attached to the motion—assuming the district judge takes judicial notice of the latter. *See Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, 420 (W.D. Tex. 2025) ("[E]ven at the 12(b)(6) stage, courts may take judicial notice of '[s]pecific facts . . . which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy. . . . Courts in this Circuit have routinely held that this includes the filing and contents of relevant EEOC documents.'" (citations omitted) (collecting cases)).[2] And if the motion to dismiss is granted, the case will be at an end without the need for discovery.

As noted, those two facts alone do not necessarily require a stay. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. Oct. 25, 1990) ("Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). But in this case, additional facts support the issuance of a stay. First, the Senate raises non-frivolous arguments for dismissal of this lawsuit. Perhaps more importantly, it appears that Metcalfe is responsible for part of the years-long delay in getting her claims to court. The EEOC file excerpts the Senate has submitted indicate there was substantial delay between Metcalfe filing her charge and the EEOC acting on it. And while

---

[2] Whether the newspaper article and press release also attached to the Senate's motion to dismiss may be considered on the Rule 12(b)(6) motion is also an issue for the district judge. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255 (5th Cir. 2021) (finding newspaper articles "not proper material for judicial notice").

3

Metcalfe initially attempted to get a right-to-sue letter issued earlier, it's not apparent that she pursued that diligently during the almost two-year EEOC investigation. *See* 42 U.S.C. § 2000e-5(f)(1) (providing that if the Attorney General has not filed civil action on charge "within one hundred and eighty days from [its] filing," the Attorney General "shall so notify the person aggrieved" and provide a notice of right to sue); 29 C.F.R. § 1601.28(d) (explaining that "[w]here a charging party has requested a notice of right to sue" in case where respondent is a government, governmental agency, or a political subdivision, "the Attorney General will issue the notice of right to sue").

Then, after the DOJ filed suit in November 2024, Metcalfe did not exercise her "unqualified right to intervene in the suit." *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980) (citing 42 U.S.C. § 2000e-5(f)(1), which provides: "The person or persons aggrieved shall have the right to intervene in a civil action brought by the . . . Attorney General in a case involving a government, governmental agency, or political subdivision."). She had five months to do so. *See United States v. Miss. State Senate*, No. 3:24-CV-712-HTW-ASH, Not. of Voluntary Dismissal [23] (S.D. Miss. Apr. 15, 2025). This failure caused additional delay. Weighing the possibility that the case could be dismissed without the need for discovery against some additional delay, in the face of the substantial delay Metcalfe has already endured, the Court finds the additional delay will not unduly prejudice Metcalfe.[3] Moreover, the delay here is

---

[3] Metcalfe notes that the Senate argues that a key witness, Senator Burton, "suffers from health challenges expected to make testifying difficult." Def. Mem. [10] at 18–19. And she argues that further delay "will increase the likelihood that additional witnesses will be unavailable." Pl. Mem. [23] at 2. We are already more than six years removed from the filing of Metcalfe's EEOC charge. That some slight additional delay may impact the availability of other witnesses is wholly speculative.

4

definite; it will end when the Court rules on the motion to dismiss. Under these circumstances, a stay of discovery pending a decision on the motion to dismiss is warranted.

III.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Senate's motion to stay [11] is granted. All discovery, including the parties' disclosure obligations in this case, is stayed pending a ruling on the motion to dismiss. The parties are directed to contact the undersigned's courtroom deputy within ten days of an order denying the motion to dismiss to reset the case for a telephonic case-management conference.

**SO ORDERED AND ADJUDGED** this the 4th day of September, 2025.

                                          s/ *Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE