IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KRISTIE METCALFE**                                                          **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:25-CV-324-HTW-ASH**

**MISSISSIPPI STATE SENATE**                                     **DEFENDANT**

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM REQUESTED BY THE COURT

The Mississippi State Senate submits this supplemental memorandum to augment the record as requested during the February 17, 2026, Motion to Dismiss hearing. This memorandum specifically addresses the Court's inquiries regarding whether the Senate requested an Attorney General's opinion on the lawfulness of its rules or pay scheme, cases with a similar procedural posture, and Magistrate Judge Harris's stay order in *United States v. Miss. State Senate*, No. 3:24-712-HTW-ASH.

### I. The Senate's internal operations are constitutionally and statutorily shielded from Executive branch review.

During the Motion to Dismiss hearing, the Court asked whether the Senate Rules Committee ("SRC") or any individual legislator sought an Attorney General's opinion regarding the lawfulness of the Senate Rules, specifically as they applied to the Senate's pay scheme for Senate staff. They did not. Doing so would violate the Mississippi Constitution and exceed the scope of the statute governing the Attorney General's authority to issue written opinions.

### A. Separation of Powers bars executive interference with the Senate's internal rules.

The SRC exercises exclusive authority over the Senate's internal operations. This includes overseeing the Legislative Services Office, approving staff hires, like the Plaintiff, and setting attorney salaries. MISS. SEN. R. 65 (2)(d), (8). Under these rules, Senate employees serve solely at

the pleasure of the SRC. *Id*. at (2)(f).

Any attempt to subject these internal legislative functions to the Attorney General's review would violate the Mississippi Constitution's "absolute separation of powers." *See Gunn v. Hughes*, 210 So. 3d 969, 973 (Miss. 2017); MISS. CONST. art. 1, § 2. As the Mississippi Supreme Court held in *Gunn*, the judiciary—and by extension, the executive—lacks the constitutional authority to adjudicate how the Legislature carries out its internal obligations. *See id*. Because the Constitution commits the application of Senate rules and internal operations squarely within the legislative branch, the Attorney General cannot lawfully opine on the Senate's Rules without encroaching on legislative independence. *See* MISS. CONST. art. 1, § 2.

**B. The request in question falls outside the proper scope of Mississippi Code Annotated § 7-5-25.**

Mississippi law provides the "Attorney General shall give his opinion in writing, without fee, to the Legislator, or either house or any committee thereof, . . . upon any question of law relating to their respective offices." MISS. CODE ANN. § 7-5-25. The Attorney General has plainly stated "opinions of this office are limited to prospective questions of state law in accordance with Mississippi Code Annotated Section 7-5-25." MS AG Op., *Bounds*, 2025 WL 3738402, at *1 (Dec. 4, 2025).

The Attorney General "does not opine on or interpret rules or regulations promulgated by another state officer," *Id.*; "does not opine on such matters that are determinable only under federal law," *See* MS AG Op., *Upchurch*, 2013 WL 7020577, at *2 (Dec. 20, 2013); *see also* MS AG Op. *Gaskin*, 2022 WL 16825777, at *1 (Oct. 11, 2022) ("this office is not authorized to interpret or opine on federal laws or regulations by official opinion."); and "does not opine on past actions, nor can [its] opinions be used to validate or invalidate past actions. Only a court of competent jurisdiction can determine the validity of past actions." MS AG Op., *Holiday*, 2017 WL 5558452,

at *2 (Oct. 6, 2017). And even if issued, an Attorney General's opinion is "merely advisory" and "not binding on courts." *See Godbold v. Water Valley*, 962 So. 2d 133, 135 (Miss. Ct. App. 2007) (citing *Shelter Mut. Ins. Co. v. Dale*, 914 So. 2d 698, 703 (¶ 19) (Miss. 2005)).

**II.   The DOJ's dismissal was typical; the Plaintiff's attempt to bring a second suit is not.**

New administrations regularly review pending cases to ensure that litigation aligns with current policy and resources. *See* Brief in Support of Motion to Stay the Entirety of the Proceedings – including the Deadline for Responsive Pleading, *United States v. Miss. State Senate,* No. 3:24-cv-00712-HTW-ASH (S.D. Miss. January 27, 2025), ECF No. 15, Section III.B (citing numerous cases illustrating review of cases following administration changed).[1] Like the Obama, Trump (first term), and Biden administrations, the current administration dismissed numerous lawsuits to align with its goals and priorities. *See* Alec Shemmel, *Trump withdraws slew of Biden-era lawsuits tied to abortion, racial discrimination, financial regs and more,* FOX NEWS (March 8, 2025).[2] This specifically included Title VII enforcement actions.  *See* Order Dismissing Case, *United States v. South Bend, Ind.,* No. 3:24-cv-00830-DRL-SJF (N.D. Ind. February 28, 2025) (dismissing Title VII case filed by DOJ closest in time to the Mississippi State Senate case).

Similar to a presidential executive order directed at the EEOC, the DOJ froze the Civil Rights Division's litigation and mandated a review of all cases filed within the preceding 90 days. *See Miss. State Senate*, No. 3:24-cv-00712-HTW-ASH, ECF No. 14-1. Following this lead, the EEOC and DOJ dismissed several Title VII suits, including *Miss. State Senate. See, e.g.*, *EEOC v.*

---

[1] Metcalfe attached this pleading as part of Exhibit D to her Response in opposition to Defendant's Motion to Dismiss.

[2] https://www.foxnews.com/politics/trump-withdraws-biden-era-lawsuits-abortion-discrimination-financial-regs

*Starboard with Cheese, LLC,* No. 3:24-CV-02260-NJR, 2025 WL 2207493 (S.D. Ill. Aug. 4, 2025); *EEOC v. Sis-Bro, Inc.*, 350 F.R.D. 40 (S.D. Ill. 2025); *EEOC v. Rosewood*, No. 24-CV-902-LJV, 2025 WL 1695360 (N.D. N.Y. June 17, 2025).

Unlike plaintiffs in other dismissed suits, Metcalfe failed to intervene—even though a plaintiff's ability to protect her interests is "certainly impaired or impeded" without intervention. *See Starboard with Cheese, LLC,* 2025 WL 2207493 at *2. Although the EEOC did notify at least two of those plaintiffs of looming dismissals, Metcalfe—a licensed attorney—cannot plead ignorance. Public filings explicitly stayed the proceedings to allow the DOJ to review the case, specifically to determine whether Metcalfe was even covered by Title VII. *See* Order, *Miss. State Senate*, No. 3:24-cv-00712-HTW-ASH, ECF No. 22. This Court questioned during the Motion to Dismiss hearing whether the stay order expressly stated its purpose. It did. The order noted the stay was intended to allow the DOJ "to review this matter, including whether the alleged discriminatee is exempt from Title VII of the Civil Rights Act of 1964." *Id.*

Despite her responsibility to pursue her interests diligently—which required her to inquire about the implications of this stay—Metcalfe took no action. *See United States v. Michigan*, No. 16-cv-12146, 2019 WL 13261074, at *7 (E.D. Mich. March 29, 2019) (recognizing plaintiff's "inherent responsibility to diligently pursue their own interests" and to contact DOJ to inquire about the meaning and implications of known developments). By failing to intervene, Metcalfe forfeited her right to an individual action. *See EEOC v. Fresh Venture Foods, LLC,* No. 2:21-cv-07679 CBM-DFM, 2025 WL 3053022, at *3 (C.D. Cal. July 27, 2025) (recognizing *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) precludes a Charging Party from filing their own Title VII claim after the EEOC files suit). Indeed, the Senate found no case in which a plaintiff was permitted to file a second lawsuit after the DOJ dismissed the first procedurally-sound suit.

\* \* \*

Metcalfe is not a covered employee under Title VII. Because she served as a legal adviser to State senators, the statute's plain text excludes her from coverage. Even if she were a covered employee, her failure to intervene in the government's prior enforcement action extinguished her right to sue. Although Metcalfe claims she lacked notice, the Court publicly stayed the proceedings to allow for a policy review. Metcalfe failed to monitor the litigation and protect her interests; instead, she sat on her rights. *Waffle House* and its progeny bar her from initiating a duplicative lawsuit to bypass her own inaction. For these reasons—and those stated in the Senate's motion and during the hearing on that motion—the Senate respectfully requests that the Court dismiss this action with prejudice.

Respectfully submitted, this the 19th day of February, 2026.

MISSISSIPPI STATE SENATE

BY: *s/ Armin J. Moeller, Jr.*
Attorney for Mississippi State Senate

Armin J. Moeller, Jr. (MSB 3399)
Russell Dumas (MSB 105310)
Claire Williams (MSB 106001)
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
rdumas@balch.com
cdwilliams@balch.com

Lindsay Thomas Dowdle (MSB 102873)
Will Ivison (MSB 104213)
Mississippi Attorney General's Office
550 High Street
Suite 1100

25620249.1

Jackson, MS 39205
Telephone: (601) 359-3020
Facsimile: (601) 359-2003
Lindsay.dowdle@ago.ms.gov
Will.ivison@ago.ms.gov

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically on this the 19th day of February, 2026:

             *s/ Armin J. Moeller, Jr.*
             Of Counsel

25620249.1